

# THE ATTORNEY GENERAL
# OF TEXAS

AUSTIN 11, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

May 11, 1948

Hon. Cullen B. Vance
County Attorney
Jackson County
Edna, Texas

Opinion No. V-567

Re: The authority of the Commissioners' Court to apply the proceeds of a special hospital maintenance tax toward the construction of a county hospital.

Dear Mr. Vance:

Your request for our opinion on the hereinabove captioned matter reads, in part as follows:

> "On January 26, 1946, an election was held throughout Jackson County on the question of whether or not the qualified voters of Jackson County wanted a County Hospital. This election was held on a Petition signed by 557 persons. I am attaching hereto a copy of the Petition, omitting the signatures, however, together with the Order of the Commissioners' Court as entered in Volume K Page 529 of the Minutes of the Commissioners' Court calling this election. The results of the election as shown on Page 81 of Returns of Elections revealed that 730 affirmative votes were cast and 132 votes were cast against the Hospital.
>
> "Subsequent to the election, Mauritz Brothers of Ganado, Texas, deposited to the credit of Jackson County the sum of $75,000.00 toward the construction of a hospital. This was later supplemented by an additional gift of $25,000.00. Other gifts from various individuals and firms aggregated the sum of approximately $6,000.00.
>
> "Following the above referred to election, the Commissioners' Court levied a special hospital maintenance tax and there has now accumulated in this fund the sum of

approximately $34,000.00. The County is attempting to get a Federal Grant toward constructing this project, but due to rising prices, apparently is going to take considerably more money than is now available, unless the County can use the $34,000.00 now accumulated in the Special Hospital Maintenance Fund. I shall, therefore, appreciate an opinion from your Department as to whether or not this money now accumulated in the Maintenance Fund can be used by the Commissioners' Court of this County toward the construction of the proposed hospital."

In Attorney General's Opinion No. V-518 it was held:

"Inasmuch as your opinion request reflects the establishment of such a hospital from current funds, the costs for the purchase would necessarily come from the Permanent Improvement Fund, and the costs of the operation and maintenance from the General Fund."

In the case of Carroll v. Williams, 202 S. W. 504, the Supreme Court of Texas said:

"Moreover, in this instance the attempted transfer of money was not from a fund raised for 'streets * * * and other permanent improvements,' but was from the general fund for 'county purposes,' which is an entirely distinct and different fund, and which, as we have attempted to show, cannot be applied, lawfully, on roads and bridges.

"Taxes levied ostensibly for any specific purpose or class of purposes designated in section 9 of article 8, supra, must be applied thereunto, in good faith; and in no event and under no circumstances may there be expended, legally, for one such purpose or class of purposes, tax money in excess of the amount raised by taxation declaredly for that particular purpose or class of purposes. But this rule would not prevent the proper expenditure, for such purpose or purposes, of any unexpended balance

in the corresponding fund brought over from any previous year or years."

Applying the principles announced in this case to the situation about which you inquire, tax money raised for hospital maintenance purposes comes from the general fund levy, whereas tax money for the establishment and construction of a county hospital comes from the permanent improvement levy. Therefore, the Commissioners' Court is without authority to appropriate hospital maintenance funds for hospital construction purposes, for such appropriation would constitute an unlawful transfer and diversion of constitutional funds. Article VIII, Sec. 9, Const. of Texas; Carroll v. Williams, supra.

This opinion is not to be construed as passing upon the validity of the maintenance tax levied by the Commissioners' Court, nor upon the sufficiency of the election which was held for the purpose of establishing a county hospital.

SUMMARY

The Commissioners' Court is not authorized to use money in a Hospital Maintenance Fund (General Fund) for the purpose of constructing a county hospital. Art. VIII, Sec. 9 of the Texas Constitution; Carroll v. Williams, 202 S. W. 504.

Yours very truly,

ATTORNEY GENERAL OF TEXAS

By W. T. Williams
W. T. Williams
Assistant

WTW:wb

APPROVED:

Fagan Dickson
FIRST ASSISTANT
ATTORNEY GENERAL